United States District Court
For the Northern District of California

1

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

MICHAEL CAVNESS,                              No. C 12-5452 YGR (PR)

4

Plaintiff,                        **AMENDED ORDER OF SERVICE**

5

vs.

6

ROSS MIRKARIMI, et al.,

7

Defendants.
_____/

8

9

**INTRODUCTION**

10

Plaintiff, a state prisoner who is housed at the San Francisco County Jail ("SFCJ"), filed a

11

*pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Thereafter, he filed an amended complaint,

12

alleging various constitutional violations that occurred in 2011.

13

Plaintiff also seeks leave to proceed *in forma pauperis*, which will be granted in a separate

14

Order.

15

Venue is proper because the events giving rise to the claim are alleged to have occurred at

16

SFCJ, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

17

In his amended complaint, Plaintiff names the following Defendants: San Francisco County

18

Sheriff Ross Mirkarimi; Lieutenants Wench and Ferigno; and Deputy Fields.

19

Plaintiff seeks monetary damages.

20

**DISCUSSION**

21

**I.    Standard of Review**

22

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

23

redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24

§ 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

25

are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

26

relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings

27

must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

28

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and

1   (2) that the alleged violation was committed by a person acting under the color of state law.  *West v.*

2   *Atkins*, 487 U.S. 42, 48 (1988).

3   **II.   Legal Claims**

4       **A.   Deliberate Indifference to Safety Needs**

5         The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison

6   officials take reasonable measures for the safety of inmates.  *See Farmer v. Brennan*, 511 U.S. 825,

7   834 (1994).  In particular, officials have a duty to protect inmates from violence at the hands of

8   other inmates.  *See id.* at 833.  A prison official violates the Eighth Amendment only when two

9   requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the

10  official is, subjectively, deliberately indifferent to the inmate's safety.  *See id.* at 834.

11        Plaintiff alleges that on October 13, 2011, he "asked San Francisco Sheriff Deputys [sic] to

12  move [him] from a dorm because [he] was being threatened by inmates."  (Compl. at 3.)  Plaintiff

13  claims they "did not move [him] and [he] was attacked an[d] permanently injured" after suffering a

14  "broken ankle."  (*Id.*)  Liberally construed, the allegations of the amended complaint state a claim

15  under § 1983 for deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment

16  rights.  Plaintiff has adequately linked Defendants Wench and Fields to his claim.

17      **B.   Supervisory Liability**

18        Plaintiff names Defendants Mirkarimi and Ferigno, who the Court assumes are being held

19  liable as supervisors.   Plaintiff does not allege facts demonstrating that the aforementioned

20  supervisory Defendants violated his federal rights, but seems to claim these Defendants are liable

21  based on the conduct of their subordinates, who are among the remaining Defendants.  There is,

22  however, no *respondeat superior* liability under § 1983 solely because a defendant is responsible for

23  the actions or omissions of another.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

24  Instead, Plaintiff must allege that each Defendant, as a supervisor,  "participated in or directed the

25  violations, or knew of the violations and failed to act to prevent them."  *Id.*  Plaintiff has not made

26  such a claim.

27        Accordingly, Plaintiff's supervisory liability claim against Defendants Mirkarimi and

28  Ferigno is DISMISSED without prejudice.

United States District Court
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's amended complaint states a cognizable Eighth Amendment claim of deliberate indifference to his safety against Defendants Wench and Fields.

2.      Plaintiff's supervisory liability claim against Defendants Mirkarimi and Ferigno is DISMISSED without prejudice.

3.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (Docket No. 4) and a copy of this Order to **<u>Lieutenant Wench and Deputy Fields at the San Francisco County Sheriff's Department.</u>**  The Clerk of the Court shall also mail a copy of the amended complaint and a copy of this Order to the San Francisco County Counsel's Office.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5.      Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this

United States District Court
For the Northern District of California

1  action:

2  a.   No later than **ninety (90) days** from the date their answer is due, Defendants

3  shall file a motion for summary judgment or other dispositive motion.  The motion must be

4  supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil

5  Procedure 56, and must include as exhibits all records and incident reports stemming from the

6  events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice so

7  that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose

8  the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand*

9  must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to

10  exhaust available administrative remedies must be accompanied by a similar notice.  *Stratton v.*

11  *Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in

12  *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to

13  dismiss for failure to exhaust available administrative remedies).

14  If Defendants are of the opinion that this case cannot be resolved by summary judgment,

15  they shall so inform the Court prior to the date the summary judgment motion is due.  All papers

16  filed with the Court shall be promptly served on Plaintiff.

17  b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court

18  and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion

19  is filed.

20  c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the

21  Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do

22  in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted

23  when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that

24  would affect the result of your case, the party who asked for summary judgment is entitled to

25  judgment as a matter of law, which will end your case.  When a party you are suing makes a motion

26  for summary judgment that is properly supported by declarations (or other sworn testimony), you

27  cannot simply rely on what your amended complaint says.  Instead, you must set out specific facts in

28

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  *Wyatt*, 315 F.3d at 1120 n.14.  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

d.      Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.      All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

9.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

        IT IS SO ORDERED.

DATED:      June 4, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
For the Northern District of California